UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOHN PAUL JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-2258 |
| ) | |
| ERIC KEN SHINSEKI, ) | |
| SECRETARY OF THE DEPARTMENT ) | |
| OF VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

## OPINION

This case is before the court for a ruling on Defendant's Motion for Summary Judgment (#38). This court has carefully considered the arguments and documentation submitted by both parties. Following this careful and thorough review, Defendant's Motion for Summary Judgment is GRANTED.

## FACTS[1]

John Paul Jenkins (Jenkins) alleges that from July 2006 until approximately November 20, 2007, a female employee at the Danville VA Hospital sexually harassed him. Pursuant to these allegations, Jenkins filed an Equal Employment Opportunity (EEO) administrative complaint that was decided on June 18, 2008. Jenkins received delivery of the agency's final decision on June 23, 2008 via the United States Postal Service. The final two pages of that decision (pages 15 and 16) clearly advised Jenkins that he had a right to file a civil action in the United States District Court, but that he must file the suit within 90 days of his receipt of the decision.

Prior to receiving the final agency decision, Jenkins had commenced a separate suit against

---

[1]The facts are taken from the Statement of Undisputed Facts set out by Defendant and the supporting documentation filed with this court.

Eric Ken Shinseki and the Department of Veterans Affairs (Defendant) on December 12, 2007. On August 6, 2008, Jenkins filed a motion in that case seeking to amend his district court complaint by adding the issues now raised in this case. That motion was denied on August 19, 2008.

Jenkins filed the present Title VII action on October 23, 2008, 122 days after receipt of the final agency decision.

In the instant case, Jenkins has not properly disputed any of the material facts submitted by Defendant that might affect the outcome of the suit under the governing law, particularly Defendant's facts 1-14. Jenkins' response was rambling and did not address any of the facts or arguments made by the government relating to the time limitation to file suit. Therefore, all of Defendant's statements of facts relevant to this decision are deemed admitted.

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The summary judgment stage is the "put up or shut up" moment in a lawsuit. Johnson v. Cambridge Ind. Inc., 325 F.3d 892, 901 (7th Cir. 2003). The burden is on the moving party to provide proper documentary evidence to show the absence of a genuine issue of material fact. Schmidt v. Runyon, et al., 20 F.Supp.2d 1246, 1248 (C.D.Ill. 1998). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249.

In determining if a genuine issue of material fact exists, the court is to believe the evidence of the non-movant and "all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255, citing Adikes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). However, "(t)he mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

## II.  TIME LIMITATION

A civil action filed by an employee against the federal government must be filed "within 90 days of receipt of notice of final action taken by a department, agency, or unit…" 42 U.S.C. §2000e-16(c). The Supreme Court has stated that 42 U.S.C. §2000e-16(c) must be "strictly construed." Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 94 (1990).

Similar to lawsuits filed against private employers under Title VII, a timely filing of a Title VII suit against a federal employer may be subject to equitable tolling. Irwin, 498 U.S. at 95-96. However, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. Diguglielmo, 544 U.S. 408, 418; Irwin, 498 U.S. at 96.

## III.  APPLICATION

Jenkins received the Final Agency Decision pursuant to this case on June 23, 2008. Consequently, the 90-day period for bringing the action to this court began to run on that day. The case now before the court was filed on October 23, 2008, 122 days after Jenkins' receipt of

the final agency decision.

Unless the court permits equitable tolling it is clear that Jenkins' claim should be barred by the statue of limitations provided in 42 U.S.C. §2000e-16(c). Equitable tolling is only appropriate if Jenkins can establish: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace, 544 U.S. at 418. In the instant case, equitable tolling does not preclude a finding that Jenkins' claim is time barred.

The only possible extraordinary circumstance is a thirteen-day period when Jenkins filed a motion to amend a previously filed complaint in this court by adding the issues he now raises. That period ran from August 6, 2008 until August 19, 2008. Because this period would not reduce the amount of time between the final agency decision and the filing of this case to below 90 days, the court declines to decide whether the limitation period should be tolled for those thirteen days.

If tolling were not allowed, 122 days elapsed between the final agency decision and the filing of the present suit. If this court were to allow tolling for the period when Jenkins sought to amend a separate complaint to include the allegations he now raises, 109 days would have passed. Either way, the number of days far exceeds the 90-day statute of limitations required by 42 U.S.C. §2000e-16(c). Thus, Jenkins' claims are time barred and summary judgment in favor of Defendant is appropriate.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#38) is GRANTED.

(2) This case is terminated.

ENTERED this 12th day of July, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE